United States District Court
Southern District of Texas
**ENTERED**
May 06, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ADOLFO ESTEBAN GARCIA RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00047 |
| | § | |
| WARDEN COX, *et al.*, | § | |
| | § | |
| Respondent. | § | |
| | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 on March 11, 2022, by Adolfo Esteban Garcia Ramirez ("Petitioner"), who is proceeding *pro se*. (Doc. No. 1.) Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Three Rivers, located in Live Oak County, Texas. This case has been referred to the undersigned for case management and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636. For reasons discussed below, the undersigned recommends that the Court dismiss Petitioner's claim for *habeas corpus* relief prior to service of process.

**I.      BACKGROUND**

Petitioner, currently and at the time he filed this petition, is serving a federal criminal sentence for conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846. Petitioner was convicted in the United States District Court for the Eastern District of Texas. *See United States v. Olvera et al.*, No. 9:16-cr-0017-MJT-3 (United States District Court for the Eastern District of Texas). On May 15, 2017, Petitioner was sentenced to 100 months' imprisonment, to be followed by five years of supervised release. *See id.*, Doc. No.

205 (judgment).  The judgment provides that Petitioner be turned over to immigration officials upon the conclusion of his imprisonment.  *Id.* at 5.[1]  Petitioner proffers that an immigration detainer has been lodged against him, but otherwise supplies no information about the detainer itself.

Petitioner raises two distinct claims in his § 2241 petition.  First, Petitioner challenges the immigration detainer pending against him by arguing that he is a United States citizen through his father's alleged American citizenship.[2]  (Doc. No. 1, pp. 1-2, 6; Doc. No. 1-1, pp. 1-4.)  Second, Petitioner complains that the immigration detainer renders him ineligible to participate in BOP programs, which in turn prevents him from earning good time credits toward an early release under the First Step Act.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.[3]  (Doc. No. 1, p. 6; Doc. No. 1-1, p. 4.)  Petitioner complains that the immigration detainer thus denies him the same benefits that American inmates enjoy.  (Doc. No. 1, p. 6.)

In support of his assertion of United States citizenship, Petitioner, who was born in Mexico, claims that he became an American citizen when he was three years old, but that his (purportedly) American father never filed for Petitioner's change of status.[4]  (Doc. No. 1, p. 6.)  Petitioner explains that his incorrect classification as a resident instead of a citizen, together with

---

[1]  "As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country."

[2]  In Petitioner's words: "There is an immigration detainer pending in which, it was lodged because it was assumed that the petitioner was an alien (non-citizen) . . ." and "this detainer should be dismissed . . . ." (Doc. No. 1, p. 6.)

[3]  "By this immigration detainer pending the against petitioner, he is not eligible for BOP Programs, he should be, because of this detainer he has been denied the benefits of American inmates."  (Doc. No. 1, p. 6.)

[4]  "The petitioner entered the United States legally and was eventually issued a resident status. He was born in Mexico, but before he reached the age of eighteen years old, his biological father became a United States citizen . . . ."  (Doc. No. 1, p. 6.)

his conviction, has "subjected [him] to deportation unlawfully." *Id.* Petitioner argues that, instead, he became an American citizen automatically when his father was naturalized in 1980 and that he lived with his father before he reached the age of 18. (Doc. No. 1, p. 6; Doc. No. 1-1, pp. 2-3.) In an effort to demonstrate his citizenship, Petitioner lists information such as his social security information and alien number, his and his father's residential address, and information about his American schooling, and explains that his family owns and operates an auto body shop where Petitioner was employed since he became old enough to work. (Doc. No. 1-1, p. 2.) Petitioner concludes that 8 U.S.C. § 1431(a) requires that his immigration detainer be dismissed. (Doc. No. 1, p. 6; Doc. No. 1-1, p. 3.)

## II.   DISCUSSION

### A. *The Court has jurisdiction over the § 2241 petition.*

A § 2241 *habeas* petition must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated at FCI Three Rivers, in Live Oak County, Texas. The facility is located in the Southern District of Texas, so jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

#### 1. *The Court lacks jurisdiction to address the validity of Petitioner's immigration detainer.*

For a federal court to have jurisdiction over a § 2241 *habeas* petition, "the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (citing *Pack*, 218 F.3d at 454 n.5). In *Zolicoffer*, the United States Court of Appeals for the Fifth Circuit addressed, as a matter of first impression, whether the issuance of an immigration detainer rendered a person "in custody" for the purposes of § 2241. Petitioner Zolicoffer was serving a federal sentence for his conviction of conspiracy to possess cocaine with the intent to distribute.

*Zolicoffer*, 315 F.3d at 539.  The then-Immigration and Naturalization Service (INS) placed a

detainer on Zolicoffer, who filed a § 2241 petition, arguing that the court had jurisdiction to

compel the Attorney General to correct its records to show that Zolicoffer was a U.S. citizen.  *Id.*

The Fifth Circuit explained that "[u]sually, 'custody' signifies incarceration or supervised

release, but in general it encompasses most restrictions on liberty resulting from a criminal

conviction."  *Id.* at 540 (citing *Pack*, 218 F.3d at 454 n.5).  The court joined the majority of

circuits in holding that prisoners are not "in custody" for the purposes of § 2241 because of the

issuance of an INS detainer[5] against them, and affirmed the district court's judgment that it

lacked jurisdiction.[6]  *Zolicoffer*, 315 F.3d at 541; *see also Zamarripa-Torres v. Bureau of

Immigr. & Customs Enf't*, 347 F. App'x 47, 48 (5th Cir. 2009) (explaining that the issuance of a

detainer did not place the petitioner "in custody" for the purposes of § 2241); *Llewlyn v. Friend*,

No. 5:20-CV-00235-H, 2022 WL 594139, at *2 (N.D. Tex. Feb. 28, 2022) (finding a lack of

jurisdiction to entertain the underlying immigration detainer because the detainer did not render

the petitioner "in custody" for purposes of § 2241); *Gozo v. Dep't of Homeland Sec*., No.

1:20CV196, 2020 WL 6163615, at *1 (E.D. Tex. Sept. 23, 2020), *adopted*, 2020 WL 6161492

(E.D. Tex. Oct. 21, 2020) (same).

Here, Petitioner is not in federal custody pursuant to any immigration detainer; rather, he

is in custody for his criminal conviction of conspiracy to possess a controlled substance with the

---

[5] *Zolicoffer* explains that "[f]iling a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution."  *Zolicoffer*, 315 F.3d at 540 (quoting *Giddings v. Chandler*, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)).

[6] *Zolicoffer* cites circuit court decisions that demonstrate the majority-held view that the issuance of an immigration detainer does not place a prisoner in "custody" for purposes of *habeas* proceedings.  *Zolicoffer*, 315 F.3d at 540; *see Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989).

intent to distribute, in violation of 21 U.S.C. § 846.  Petitioner challenges the validity of his immigration detainer and requests that it be removed so that he can participate in BOP programs. *See* Doc. No. 1.  As precedent establishes, however, a federal court does not have jurisdiction over a § 2241 petition challenging an immigration detainer.  *See Zolicoffer*, 315 F.3d at 540. Therefore, to the extent that Petitioner challenges the validity of the immigration detainer pending against him, the Court lacks jurisdiction to adjudicate this claim under § 2241.

### 2. *Jurisdiction over Petitioner's claim that he is wrongfully excluded from BOP programs.*

Although the Court does not have authority to entertain Petitioner's challenge to his immigration detainer in a § 2241 *habeas* petition, "§ 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'"  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).  Thus, a petition challenging ineligibility to participate in early release programs is properly raised under § 2241.  *See Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010); *De Los Santos v. Lynch*, No. 5:16CV111-DCB-MTP, 2017 WL 738498, at *1 (S.D. Miss. Feb. 24, 2017) ("Petitioner's claim that the BOP is denying him Home Detention challenges the execution of his sentence and is properly before this Court on the § 2241 Petition."); *Okeayainneh v. McHenry*, No. 19-CV-01024, 2019 WL 6050059, at *2 (W.D. La. Oct. 28, 2019), *adopted*, 2019 WL 6045634 (W.D. La. Nov. 14, 2019) (finding a § 2241 *habeas* petition properly before the court where the petitioner argued that he was being deprived the ability to participate in BOP programs that would reduce his sentence).

In this case, Petitioner maintains that his exclusion from BOP programs has resulted in the denial of good time credits that could contribute to his early release.  (Doc. No. 1, p. 6.; Doc. No. 1-1, p. 4.)  As Petitioner explains, this exclusion affects "his early release under the First

Step Act, that is determining the way his sentence is being executed and carried out." (Doc. No.

1-1, p. 4.) As the cases above demonstrate, a petition that challenges the denial of participation

in early release programs is properly raised under § 2241, as this challenges the execution of a

sentence. *See Gallegos-Hernandez*, 688 F.3d at 194. Therefore, this claim is properly before the

Court.

### B. Petitioner was not required to exhaust administrative remedies.

Prisoners proceeding in § 2241 actions must ordinarily exhaust all available

administrative remedies. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). However, "[t]he

Fifth Circuit has held that a challenge to the constitutionality of the BOP's regulation excluding

prisoners with ICE detainers from participating in rehabilitation programs . . . is not required to

exhaust administrative remedies before pursuing a request for habeas relief." *See Gomez v.*

*McHenry*, No. 19-CV-01126, 2019 WL 7373006, at *2 (W.D. La. Nov. 5, 2019), *adopted*, 2019

WL 7344777 (W.D. La. Dec. 30, 2019) (citing *Gallegos-Hernandez*, 688 F.3d at 194). Petitioner

challenges the detainer pending against him that prevents his participation in BOP programs.

*See* Doc. Nos. 1, 1-1. Therefore, Petitioner was not required to exhaust his available

administrative remedies in this case, and the Court may consider the *habeas* petition on the

merits.

### C. Screening to dismiss Petitioner's BOP program exclusion claim.

#### 1. Screening under the Rules Governing Section 2254 Cases.

When screening a § 2241 petition, a district court may apply any or all of the rules

governing *habeas* petitions under 28 U.S.C. § 2254 to those filed under § 2241.[7] *See Gomez*,

---

[7] Under Rule 1(b) of the Rules Governing Section 2254 Cases, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C.A. foll. § 2254.

2019 WL 7373006, at *1 (citing Rules Governing § 2254 Cases, Rule 1(b)).  Rule 4 of the Rules

Governing Section 2254 Cases authorizes courts to conduct a preliminary review of such

petitions and provides that cases must be summarily dismissed if it "plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief."  Rules Governing §

2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see Okeayainneh*, 2019 WL 6050059, at *1

(applying Rule 4 of the Rules Governing Section 2254 Cases to screen a § 2241 *habeas* petition);

*Lopez v. Hanson*, No. 2:17-CV-345, 2017 WL 8219545, at *1 (S.D. Tex. Nov. 28, 2017) (Libby,

M.J.), *adopted*, 2018 WL 1251874 (S.D. Tex. Mar. 12, 2018) (Tagle, J.) (same).

Therefore, because this *habeas* petition has been filed pursuant to § 2241, the Court must

summarily dismiss the petition upon review should it plainly appear that Petitioner is not entitled

to relief in district court.  *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

### 2.  *Fifth Circuit precedent forecloses Petitioner's BOP exclusion claim.*

Petitioner claims that the invalid immigration detainer against him has prevented his

participation in BOP programs, which denies him the ability to receive good time credits and

renders him ineligible for early release under the First Step Act.  (Doc. No. 1, p. 6.)  Petitioner

complains that this exclusion wrongfully denies him the same benefits that American inmates

enjoy.  *Id.*

*Gallegos-Hernandez v. United States* forecloses Petitioner's claim.  *See Gallegos-*

*Hernandez*, 688 F.3d at 194-96.  In *Gallegos-Hernandez*, the petitioner challenged the

constitutionality of the BOP regulations that excluded his participation in early release programs,

such as drug-rehabilitation and other related programs, based on his status as a noncitizen with a

detainer.  *Id.* at 194-95.  The Fifth Circuit held that prisoners with ICE detainers do not have due

process or equal protection rights to participate in rehabilitative and early release programs.  *Id.*

at 194-96.  The court found that Gallegos failed to state a due process claim because 18 U.S.C.

§§ 3624 and 3621[8] afford the BOP discretion in deciding whether to grant benefits or to allow

for early release, and thus neither statute created a liberty interest.  *Id.* at 195.  As to Gallegos'

equal protection claim, the court adopted the view shared by several circuits[9] that alien prisoners

with ICE detainers cannot show that exclusion from participation in BOP early release programs

"establishes that alien prisoners, as an identifiable group, are being treated differently from other

similarly situated prisoners who are not aliens."  *Id*. (citing *McLean v. Crabtree*, 173 F.3d 1176,

1185 (9th Cir. 1999)).  The court also found that this equal protection claim survived rational

basis review.  *Gallegos-Hernandez*, 688 F.3d at 196.

Several district court cases within the Fifth Circuit illustrate the straightforward

application of *Gallegos-Hernandez*.  For example, in *Llewlyn v. Friend*, the petitioner claimed

that his immigration detainer unlawfully excluded him from various BOP programs, such as

rehabilitation and housing programs, that would enable him to earn time credit toward his

sentence.  *Llewlyn*, 2022 WL 594139, at *1-2.  The district court concluded that *Gallegos-*

*Hernandez* specifically foreclosed the petitioner's claim—finding that the petitioner had no due

process or equal protection rights to participate in rehabilitative and early release programs.  *Id.*

at *2.

---

[8]  "Sections 3621 and 3624 involve drug treatment and other rehabilitation programs, which, if completed, offer
prisoners potential reductions in sentence up to 12 months." *Gallegos-Hernandez*, 688 F.3d at 193.

[9]  In *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999), the Ninth Circuit rejected an equal protection challenge to
a BOP policy that "categorically disqualified a noncitizen with a detainer from participating in community-based
drug treatment programs (because they are considered to pose a flight risk) or from eligibility for a sentence
reduction based on participation in those programs."  *Dan Kesselbrenner & Lory D. Rosenberg*, *Immigration
detainers, Immigr. Law & Crimes* § 8:7 (Nov. 2021 update) (explaining how the Third and Fifth Circuits have
followed the Ninth Circuit in rejecting equal protection challenges from noncitizen prisoners with detainers).

Similarly, in *Okeayainneh v. McHenry*, the district court considered a petitioner's challenge to an immigration detainer that rendered him ineligible to participate in federal programs that would offer him early release pursuant to the First Step Act. *Okeayainneh*, 2019 WL 6050059, at *1. Applying *Gallegos-Hernandez*, the court concluded that the "BOP's exclusion of an alien prisoner with an ICE detainer from participating in early release programs and community-based confinement does not violate the Equal Protection Clause of the Constitution." *Id.* at *2; *see also De Los Santos*, 2017 WL 738498, at *2 (applying *Gallegos-Hernandez* to conclude that the petitioner's claim failed as a matter of law where the petitioner, who had an immigration detainer pending against him, claimed that his alien status wrongfully denied his participation in early release programs).

Similar to the cases cited above, Petitioner complains that the immigration detainer against him has wrongfully prevented his participation in BOP programs that could contribute to his early release, which Petitioner contends violates his liberty interests. (Doc. No. 1, p. 6; Doc. No. 1-1, p. 4.) Furthermore, Petitioner claims that because of this detainer, "he has been denied the benefits of American inmates." (Doc. No. 1, p. 6.) Petitioner's claim that he has been denied benefits received by American inmates forms the basis of an equal protection claim.

Although Petitioner does not specifically mention which BOP programs he seeks to participate, he nonetheless complains that he cannot participate in First Step Act programs that would render him eligible for early release. *Id.* As precedent establishes, however, prisoners with ICE detainers "have no due-process or equal-protection rights to participate in rehabilitative and early-release programs." *Llewlyn*, 2022 WL 594139, at *2 (citing *Gallegos-Hernandez*, 688 F.3d at 194-96). For these reasons, *Gallegos-Hernandez* forecloses Petitioner's claim that his immigration detainer unlawfully denies him participation in BOP programs that could potentially

lead to early release.  Because Petitioner fails to articulate a constitutional violation, his § 2241 BOP program exclusion claim should be dismissed.

## III.    RECOMMENDATION

For these reasons, Petitioner fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, the undersigned **RECOMMENDS** that this *habeas* petition be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases and for lack of jurisdiction to adjudicate Petitioner's substantive challenge of his immigration detainer.

## IV.    NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on May 5, 2022.

MITCHEL NEUROCK
United States Magistrate Judge