United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADOLFO ESTEBAN GARCIA RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00047 |
| | § | |
| WARDEN COX, ET AL, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

### I. Adopting D.E. 7 Memorandum & Recommendation

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 7). The M&R recommends that the Court review Petitioner Adolfo Esteban Garcia Ramirez's 28 U.S.C. § 2241 habeas petition pursuant to the Rules Governing Section 2254 Cases and dismiss the petition prior to service because it is plain from the petition and attached memorandum that Garcia Ramirez is not entitled to relief. *Id.*

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. Petitioner filed what appears as, and what the Court liberally construes as, objections to the M&R. *See* (D.E. 13). Having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the Petitioner's objections were directed, 28 U.S.C. § 636(b)(1), the Court **OVERRULES** Petitioner's objections. (D.E. 13).

## II. First Amended Petition

After the M&R was filed, and in the same document containing Petitioner's written objections to the M&R, Petitioner also filed a "Motion to Amend his Petition," *see* (D.E. 13), which the Court now considers, notwithstanding its ruling above adopting the D.E. 7 M&R. Petitioner filed his first amended petition the same day as his objections to the M&R and motion to amend. (D.E. 12; D.E. 13). To be clear, Petitioner did not need to file a motion to amend, as he has the right to amend his pleading "as a matter of course" while his habeas petition is screened, and before the Court "order[s] the respondent to file an answer." *Mayle v. Felix*, 545 U.S. 644, 663 (2005) (citing Rule 4 of the Rules Governing Section 2254 Cases). With this understanding, the Court finds that Petitioner's D.E. 13 portion relevant to the motion to amend is moot, and the Court now independently screens Petitioner's first amended petition under Rule 4 of the Rules Governing Section 2254 cases. (D.E. 12).

The M&R, which the Court adopted with respect to the original petition, *see supra* section I, recommended that the Court dismiss Petitioner's petition for lack of jurisdiction over Petitioner's challenge of the validity of the immigration detainer. (D.E. 7, p. 3). Petitioner's first amended petition alleges the same facts, and the Court finds that there exists no change of Petitioner's custody status that would give the Court jurisdiction over the challenge to the immigration detainer. As such, this portion of Petitioner's first amended petition is similarly dismissed without prejudice for lack of jurisdiction. (D.E. 12).

Next, addressing Petitioner's claim of program exclusion, the M&R concluded that *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194–96 (5th Cir. 2012) (per curiam), precludes Petitioner's claim that the immigration detainer against him prevents him from participating in BOP programs that would allow for his early release. (D.E. 7, p. 9–10). Petitioner's

first amended petition contains the same argument as to why he is being excluded from BOP programs. (D.E. 12). The Court finds there is no additional information provided that would mandate a different result from the M&R's recommendation regarding the original petition. *Compare* (D.E. 7), *with* (D.E. 1), *and* (D.E. 12). As such, the Court likewise dismisses with prejudice this portion of Petitioner's first amended petition. (D.E. 12).

### III. Conclusion

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 7). The portion of Petitioner's original habeas corpus petition (D.E. 1) that is dismissed for lack of jurisdiction is dismissed **without prejudice**. (D.E. 1). The portion of Petitioner's original habeas corpus petition that is dismissed otherwise is dismissed **with prejudice**. (D.E. 1).

(2) After considering the amended habeas petition in D.E. 12, the Court **DISMISSES** the amended petition prior to service pursuant to the screening provision of Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition that Petitioner is not entitled to relief.

(3) A Certificate of Appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

(4) A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
        June 10, 2022